**EF INTERNATIONAL LANGUAGE SCHOOLS, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

No. 15-1349

Consolidated with 15-1419

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: January 10, 2017

James W. Bucking, Attorney, Robert A. Fisher, Foley Hoag LLP, Boston, MA, for Petitioner (Case No. 15-1349).

Heather Stacy Beard, Esquire, Jill A. Griffin, Attorneys, Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent (Case No. 15-1349).

Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Petitioner (Case No. 15-1419).

James W. Bucking, Attorney, Robert A. Fisher, Lyndsey M. Kruzer, Foley Hoag LLP, Boston, MA, for Respondent (Case No. 15-1419).

Before: Tatel and Wilkins, Circuit Judges, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This case was considered on the record from the National Labor Relations Board and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review is denied and the cross-application for enforcement granted for

**2**

the reasons stated in the memorandum filed simultaneously with this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

## MEMORANDUM

EF International Language Schools, Inc. ("EF") petitions for review of the decision of the National Labor Relations Board ("NLRB"): (1) holding that EF waived its procedural challenge to the Administrative Law Judge's ("ALJ") determination that EF unlawfully threatened an employee, Andrea Jesse, regarding the closeness of the relationship between the charge and the amended complaint; (2) affirming the ALJ's determinations based on her *Wright Line* analysis, *see Wright Line, Inc.*, 251 N.L.R.B. 1083 (1980), *enforced*, 662 F.2d 899 (1st Cir. 1981); *see also NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983), that EF discharged Jesse because of her protected, concerted activity in violation of section 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1); and (3) affirming the ALJ's inclusion of videoconference testimony.

In this case, the amended complaint alleged that EF discharged Jesse, "after . . . [she was] threatened with unspecified reprisals for helping coworkers and sending group emails addressing employees' terms and conditions of employment, . . . because she engaged in protected, concerted activity." The ALJ found the violations as alleged. Under a prehearing ruling, one witness testified by live videoconference. The ALJ found that this testimony did not deny EF due process, and distinguished *Westside Painting*, 328 N.L.R.B. 796

(1999), as involving *phone* testimony. She concluded that this videoconference testimony was equivalent to in-person testimony.

The ALJ concluded that EF's statements constituted threats under an objective threats analysis. As to the alleged discharge for protected activity, the ALJ found that Jesse engaged in protected activity that involved twenty or more coworkers. She analyzed the case under *NLRB v. Burnup & Sims, Inc.*, 379 U.S. 21, 85 S.Ct. 171, 13 L.Ed.2d 1 (1964), but also noted that *Wright Line* yielded the same result. "[S]howing that the employee was engaged in protected activity, the employer was aware of the activity, and the activity was a substantial or motivating reason for the employer's action" satisfies *Wright Line. EF Int'l Language Schs., Inc.*, 363 N.L.R.B. No. 20, slip op. at 12 (2015). The ALJ found that the threats evidenced EF's "animus towards Jesse's protected activity as a nexus between her protected activity" and discharge. The ALJ then held that a sufficient basis for discharge is only a defense if the employer would have fired her *regardless* of the protected activity. She found EF's proffered reasons both pretextual and insufficient to establish that Jesse would have been fired regardless, and that therefore, EF violated section 8(a)(1) when it discharged Jesse "because of her protected, concerted activity."

On review, the Board affirmed the ALJ's video determination and relied on her *Wright Line* analysis in finding that Jesse's discharge violated section 8(c)(1), noting that *Burnup & Sims* was inapplicable. As to the alleged threats, the Board held that EF waived its claim and also found that the allegations were closely related to the discharge allegation.

This Court performs a "tightly cabined" review of NLRB decisions. *Inova Health Sys. v. NLRB*, 795 F.3d 68, 80 (D.C. Cir. 2015). Orders are set aside if the Board lacked a reasonable basis in law, failed to apply the proper legal standard, departed from precedent without reasoned justification, or its factual determinations lacked substantial evidence. *See Sutter E. Bay Hosps. v. NLRB*, 687 F.3d 424, 437 (D.C. Cir. 2012); *Titanium Metals Corp. v. NLRB*, 392 F.3d 439, 446 (D.C. Cir. 2004).

EF argues that threat allegations in the amended complaint were not closely related to the charge allegations and thus the Board lacked jurisdiction over them. *See Drug Plastics Co. v. NLRB*, 44 F.3d 1017, 1019–21 (D.C. Cir. 1995). The Board concluded that EF "waived this argument by failing to raise it in its answer to the complaint or at the hearing." Second, the Board specifically found that EF's contention that the allegations were not closely related to the Charge "lack[ed] merit." Review of the record reveals that substantial evidence supports the Board's waiver determination: the amended complaint alleged that EF "threatened employees with unspecified reprisals," putting EF on notice, and then EF failed to challenge it, either in its answer or in the hearing before the ALJ. Consequently, this Court will not disturb the Board's determination. Additionally, the Board adopted the ALJ's determination that EF had unlawfully threatened Jesse in violation of the Act.

EF contends that the ALJ's initial mistaken analysis under *Burnup & Sims* taints the case, despite her subsequent and proper *Wright Line* analysis, and despite the fact that the Board adopted only her *Wright Line* analysis. It also argues that the ALJ, affirmed by the Board, improperly excluded state-of-mind evidence, and that substantial evidence does not support the unlawful discharge conclusion. These arguments are meritless. The Board specifically limited its Order and adoption of the ALJ's findings to reliance "on the judge's analysis under *Wright Line*" and found the alternative *Burnup & Sims* analysis "inapplicable." We review the decision of the Board, not that of the ALJ. *See Kiewit Power Constructors Co. v. NLRB*, 652 F.3d 22, 25–26 (D.C. Cir. 2011) (citations omitted) (describing how courts review the Board's decisions where the Board has disagreed with the ALJ).

As to the exclusion of state-of-mind evidence, the Board specifically found that the decisionmakers "were able to, and did, testify regarding their motives for the discharge" as well as "regarding what they said and did in reaction" to Jesse's unprotected conduct that allegedly caused the termination. The ALJ also received a proffer of the testimony of one of the two decisionmakers "regarding her subjective reaction" to the allegedly termination-causing conduct. EF did not attempt to enter a proffer from the other decisionmaker. The Board determined that the proffer was repetitive of the decisionmaker's other testimony and that her "testimony fail[ed] to show that [EF] would have discharged Jesse regardless of her protected activity." Consequently, it found that, "at most, the judge's exclusion of the additional testimony was harmless error." This Court has reviewed the excluded and included testimony and finds that substantial evidence supports the Board's determination on this point. Similarly, review of the entire record shows that the Board's adopted findings do not warrant granting the petition for review, particularly given this Court's "tightly cabined" standard of review. *Inova Health*, 795 F.3d at 80.

EF challenges the use of videoconference testimony, arguing that such testimony is contrary to Board rules and violated EF's due process rights by preventing EF

**4**

from examining the witness in person. EF cites to *Westside Painting, Inc.*, 328 N.L.R.B. 796 (1999), in support. The Board determined that "Sec. 102.30 of the Board's Rules and Regulations does not preclude the taking of oral testimony by videoconference." It distinguished *Westside Painting* as addressing concerns relating to telephonic testimony, concerns that are obviated by the videoconferencing technology, which "enabled observation of the witness at all material times." Particularly given *Westside Painting*'s analytical emphasis on the problems caused by lack of observation during telephonic testimony—a concern that videoconferencing helps to eliminate – this Court does not see any basis to disturb the Board's determinations on this matter.

For the reasons stated above, and given the highly deferential standard of review, this Court denies the petition for review and grants the cross-application for enforcement.